UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARIE MIX,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. 3:17-CV-05739-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkt. 15, 19, 20.

After considering and reviewing the record, the Court concludes that the ALJ did not err in determining that plaintiff was capable of light work, with additional limitations to walking and standing. When a plaintiff's RFC falls between two grid rules, the ALJ should consult a

vocational expert. Here, the vocational expert identified three jobs the plaintiff could do at the light work level, giving consideration to the additional limitations to walking and standing.

Accordingly, the Court orders that this matter be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, CARRIE MIX, was born in 1962 and was 51 years old on the amended alleged disability onset date of April 1, 2014. AR. 187-90. Plaintiff attended school through the 11th grade, obtained her GED and took some college courses. AR. 54. Plaintiff has work history as an administrative assistant. AR. 236-43. She was last employed doing office work, but it ended when she had knee replacement surgery. AR. 56-57

According to the ALJ, plaintiff has at least the severe impairments of "Obesity; Post-Traumatic Stress Disorder; Sleep Apnea; Psoriatic Arthritis; Psoriasis; Fibromyalgia; Osteoarthritis; Degenerative Joint Disease; Degenerative Disc Disease; Diffuse Idiopathic Skeletal Hyperostosis (DISH); Status Post Knee Replacement; Tremor; and Vertigo (20 CFR 404.1520(c))." AR. 25.

At the time of the hearing, plaintiff was living with her husband. AR. 55-56.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. AR. 95, 108. Plaintiff's requested hearing was held before Administrative Law Judge David Johnson ("the ALJ") on March 18, 2016. AR. 47-94. On

May 5, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 20-46.

In plaintiff's Opening Brief, plaintiff raises the following issue: whether the limitation to 2 hours standing/walking, plus additional nonexertional limitations, rendered the RFC for sedentary exertion, not light, such that benefits should be awarded outright, pursuant to the Medical Vocational Guidelines (the grids). *See* Dkt. 15, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**1. Whether the ALJ erred in finding that plaintiff was capable of light work, rather than sedentary.**

Plaintiff alleges that the ALJ erred in finding that plaintiff was capable of light work and that the RFC should have been limited to the sedentary exertional level because the ALJ limited plaintiff to two hours of standing or walking. Dkt. 15.

If the ALJ cannot determine whether or not a claimant is disabled based on a claimant's current work activity or on medical factors alone and a claimant has a severe impairment, a review is made of the claimant's residual functional capacity ("RFC"). *See* Social Security Ruling "SSR" 96-8p, 1996 SSR LEXIS 5 at *3-*4. As noted by the Ninth Circuit, "Social Security Regulations define residual functional capacity as the 'maximum degree to which the

individual retains the capacity for *sustained* performance of the physical-mental requirements of jobs.'" *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998)) (*quoting* 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c)) (emphasis added by Ninth Circuit); *see also* SSR 96-8p, 1996 SSR LEXIS 5 at *5. Residual functional capacity is the most a claimant can do despite existing limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c).

The ALJ is responsible for determining a plaintiff's RFC. 20 C.F.R. § 404.1546(c). The ALJ determined that plaintiff's RFC was at the light exertional level, but with additional limitations to account for plaintiff's walking and standing limitations:

> [Plaintiff] has the residual functional capacity to perform light work, as defined in 20 C. F. R. 404.1567(b), that does not require walking or standing more than 2 hours total in a workday; that does not require more than occasional balancing, stooping, kneeling, crouching, crawling or climbing of ramps or stairs; that does not require climbing of ladders, ropes, or scaffolds; that does not require concentrated exposure to extreme temperatures or vibrations; but does not require concentrated exposure to hazards such as open machinery, moving surfaces, were unprotected heights; and that consist of simple, routine tasks.

AR. 28. The Administration has issued a ruling elaborating on the light exertional level:

> The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing -- the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.

SSR 83-10, 1983 SSR LEXIS 30, *12-14; *see also* 20 C. F. R. 404.1567(b). Plaintiff does not assert that she is unable to meet the lifting requirements of light work, or that she is unable, if given a primarily seated position, to meet the pushing and pulling requirements for hand and foot

controls. Plaintiff does not allege that any additional limitations should be added to the RFC, but that the RFC given should have resulted in sedentary exertion, rather than light. *See* Dkt. 15. Plaintiff bases this assertion solely on the limitations to standing and walking, stating that the limitation to two hours of standing or walking better supports a sedentary RFC. Dkt. 15, p. 5.

Here, plaintiff is capable of standing and walking at the sedentary exertional level, but capable of lifting and carrying at the light exertional level. AR. 28. Therefore, plaintiff's RFC falls between the light and sedentary exertional levels. *See* 20 C.F.R. pt. 404, subpt. P, app. 2.

To promote uniformity in how disability determinations were made, the Administration created a table known as the grid rules. SSR 83-10, 1983 SSR LEXIS 30, *1. Pursuant to SSR 83-12, "[i]f the exertional level falls between two rules which direct opposite conclusions, i.e. "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level… and the individual's exertional limitations are somewhere 'in the middle'" the ALJ is advised to consult a vocational expert for assistance. SSR 83-12; 1983 LEXIS 32 *6-7. The Ninth Circuit has held that where the plaintiff's exertional level falls between two of the grid rules, it is appropriate for the ALJ to consult a vocational expert for their opinion as to whether there are any jobs a disability claimant can do despite his or her limitations. *Moore v. Apfel* 216 F.3d 864, 869 (9th Cir. 2000).

The Administration also gives guidance on how to use the grid rules as a framework: "[w]here one or more of the criteria of a rule are not met, no decision is directed; instead, the rules are used in conjunction with the definitions and discussions in the text of the regulations, as a guidance for decision making." SSR 83-10, 1983 SSR LEXIS 30, *3. When the exertional capacity falls between two rules with different conclusions, the ALJ should either: 1) apply the higher-numbered rule if the capacity for the higher level of exertion is slightly reduced; or 2)

apply the lower-numbered rule if the capacity for the higher level of exertion is significantly reduced. POMS DI 25025.015(D), available at https://secure.ssa.gov/poms.NSF/lnx/0425025015 last visited 9/13/2018.  While there is no guidance on quantifying the meaning of "slightly reduced" versus "significantly reduced," the ALJ is recommended to consult a vocational expert to determine which rule most closely fits the plaintiff's RFC and vocational factors. *Id.*

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted). In addition, according to the Ninth Circuit, the "POMS may be 'entitled to respect' under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1994) to the extent it provides a persuasive interpretation of an ambiguous regulation, but it 'does not impose judicially enforceable duties on either this court or the ALJ.'" *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations omitted). Here, the POMS are consistent with the relevant Social Security Rulings and Ninth Circuit case law.

The ALJ consulted a vocational expert who opined that there were jobs available that accommodated plaintiff's RFC. AR. 85-87. Although there are "relatively few unskilled light jobs [] performed in a seated position," the vocational expert identified three positions that accommodated the hypothetical given by the ALJ, which was a full range of light work with walking and standing limited to two hours per day, plus additional nonexertional limitations. AR.

90; SSR 83-10, 1983 SSR LEXIS 30, *12-14. The vocational expert testified that her testimony was not in conflict with the DOT. AR. 90. The vocational expert also testified that her opinion was in part based on her professional experience. *Id.* This is consistent with Ninth Circuit holding that an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether or not the testimony conflicts with the Dictionary of Occupational Titles [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (*citing* Social Security Ruling, SSR 00-4p, available at 2000 SSR LEXIS 8). The court noted that "SSR 00–4p . . . . provides that the adjudicator "*will* ask" the vocational expert 'if the evidence he or she has provided' is consistent with the *Dictionary of Occupational Titles* and obtain a reasonable explanation for any apparent conflict." *Id.* at 1152-53 (footnote omitted). Therefore, the ALJ properly relied on vocational expert testimony.

Plaintiff states that the ruling in *Lounsburry v. Barnhart* requires the ALJ to consult the lower grids first. Dkt. 15, p.8; *Lounsberry v. Barnhart,* 486 F.3d 1111, 1115 (9th Cir. 2018). This Court, however, does not find a discussion of upper and lower grids, only the requirement to consult the grids first when the plaintiff, as here, has both strength and nonexertional limitations. In *Lounsberry*, the Ninth Circuit held that "where a claimant suffers only exertional limitations, the ALJ must consult the grids.… Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Lounsberry v. Barnhart,* 486 F.3d 1111, 1115 (9th Cir. 2018). That Court also cited the regulations requiring the ALJ to determine first whether disability is possible on the strength limitations alone when the claimant suffers from both strength and nonexertional limitations. 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(e)(2) (2006). Here, when considering only the strength limitations, plaintiff is capable of light work as described in the regulations, with additional limitations to standing and walking.

As discussed above, the Administration has given instruction on how to best reconcile a situation where a plaintiff's RFC falls between two grid rules.

Plaintiff argues that the Western District of Washington has found that a limitation to two hours standing/walking better supports a sedentary RFC. Dkt. 15, p.5; *Merritt v. Colvin,* NO. 3:14-cv-05964-KLS, 2015 WL 4039355 (W.D. Wash. July 2, 2015). Of course, this case is not binding precedent. Nevertheless, the Court has considered it for its persuasive value. In this case, it has little persuasive value. The plaintiff in Merritt had a different RFC than the plaintiff in the instant case. Social Security cases are highly fact specific, and, as discussed above, plaintiff's RFC falls between two grid rules. Because plaintiff does not challenge the limitations included in the RFC, this Court must defer to the existing guidance on how to reconcile an RFC that falls between two grid rules.

Plaintiff also cites to a Ninth Circuit ERISA case to assert her position that her RFC was closer to the sedentary exertional level. Dkt. 15, p. 7; *Armani v. Northwestern Mutual Life Insurance Company,* 840 F.3d 1159 (9th Cir. 2016). However, a case involving ERISA is not nearly as persuasive as the Ninth Circuit Social Security cases that address the issue and the Social Security Rulings and regulations, which provide clear instructions on how to determine an RFC when a plaintiff falls between two grid rules. Moreover, the ALJ consulted a vocational expert who opined that there were jobs available in the national economy at the light exertional level with additional limitations to walking and standing. Therefore, this Court finds that the Commissioner met her burden at step five to show there are jobs in the national economy that plaintiff can still do when taking into account her age, education and vocational background. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Dated this 17th day of September, 2018.

J. Richard Creatura
United States Magistrate Judge